Curia, per Withers, J.
— If it appeared from the reported cas6j that the fact of the assent of Taggart, the partner of Ramey, to the arrangement made by the latter, with the de-fondants, was established,, either expressly or inferentially, we would not be inclined to disturb the result. If Ramey, while exercising the powers of a partner, had acknowledged payment of the account now sued upon, it is not perceived that Taggart, or the assignees of Ramey and Taggait, could have looked beyond that act; unless the defendants could be implicated, in such transaction, with Ramey in that degree or species of fraud which would destroy the validity of the discharge, in the eye of a Court of Law. A receipt of Ramey and Taggart, executed by Ramey while clothed with the power of a partner, to McBride and Posey, appears to be a different transaction from that which is proved, to wit: a ■credit by McBride and Posey, of the amount of their indebtedness to the plaintiffs, on Ramey’s account with them, though in pursuance of agreement with him, which is not well proved to have been assented to by Taggart. We do not mean to say that if the fact of Taggart’s knowledge and approval of Ramey’s arrangement with the defendants, had been distinctly considered and affirmed by the Circuit Judge, we would, by any means, revise his conclusion. For, the true theory is, that the decree of the Judge upon the facts, is equivalent to the verdict of the jury — where, as in the summary process jurisdiction, he occupies the place of the jury. Without any strong opinion that the true merit of this case has not been justly expressed in the decree, we are, nevertheless, led by a desire to be cautious as to general consequences — that is to say, to encourage no idea that private agreements by one partner, for his separate advantage, not fully executed until a litigation has arisen between his creditors and the firm, after the dissolution of the firm, and riot reasonably established to have been known to and approved of by another partner — shall practically expand the legitimate agency, already extensive, which the relation of partnership produces — to a class of transactions, which, if freely favored, may work great injury to partnership assets, and thereby to associates in the firm and the creditors of it. Upon this consideration, passing by all others suggested in the grounds of appeal, we think this case should go back for another hearing.
A new trial is, therefore, ordered.
Richardson, O’Neall, Evans and Frost, JJ. concurred.

Motion granted.